IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE, WESTERN DIVISION

AUTO-OWNERS INSURANCE COMPANY

    Plaintiff

vs.   Civil Action No. _____

BURLISON GIN COMPANY, INC.,
KELCOT WAREHOUSES, LLC,
BOBBY RICHARDSON,
JOHN PUGH
and
CLIFTON CLARK

    Defendants

_____COMPLAINT FOR DECLARATORY JUDGMENT

Comes the Plaintiff, Auto-Owners Insurance Company, and files this action for a declaratory judgment, pursuant to 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure, for the purpose of seeking a declaration of certain rights, status, liabilities and other legal relations with respect to the issues raised herein, and for cause of action states to the Court as follows:

PARTIES, JURISDICTION, AND VENUE

1. Auto-Owners Insurance Company ("Auto-Owners") is a Michigan mutual insurance company with its principal place of business in Lansing, Michigan.

2. Defendant Burlison Gin Company, Inc., is a Tennessee Corporation with its principal office located at 46 Garland Drive, Covington, Tipton County, Tennessee, 38019. The registered agent for service of process for Defendant Burlison Gin Company, Inc., is Richard Kelley, whose

1

address is 46 Garland Drive, P.O. Box 146, Covington, Tennessee, 38015.

3. Defendant Kelcot Warehouses, LLC, is a Tennessee Limited Liability Company with its principal office located at P.O. Box 146, 46 Garland Drive, Burlison, Tennessee, 38015. The registered agent for service of process for Defendant Kelcot Warehouses, LLC, is Charlotte Kelley, whose address is P.O. Box 146, 46 Garland Drive, Burlison, Tennessee, 38015.

4. Defendant Bobby Richardson is an adult resident of Tipton County, Tennessee, residing at 376 Garland Drive, Covington, Tennessee, 38109.

5. Defendant John Pugh is an adult resident of Tipton County, Tennessee, residing at 731 Adkins Road, Burlison, Tennessee, 38105.

6. Defendant Clifton Clark is a resident and citizen of the State of Tennessee, residing at 341 Hawkins Road, Burlison, Tipton County, Tennessee, 38015.

7. Defendant Clark claims to have received personal injuries from an exposure to spilled farm chemicals occurring in Tipton County, Tennessee, on June 4, 2007. The insurance coverage dispute comprising the cause of action in this lawsuit concerns a contractual dispute based upon the facts of the incident in which Defendant Clark came in contact with the spilled farm chemicals.

8. The amount in controversy exceeds $75,000.00 and the parties are citizens or residents of different states. The Court has jurisdiction of this matter 28 U.S.C. § 1332(a)(1).

9. Venue is proper in this Court pursuant to 28 U.S.C. §§ 123(c)(2), 1391(a).

## FACTS

10. Clifton Clark ("Clark") has filed a lawsuit against Burlison Gin Company, Inc., Kelcot Warehouses, LLC, and others, in the Circuit Court of Tennessee, Twenty-Fifth Judicial District

(Covington, Tipton County, Tennessee)(sometimes referred to herein as the "Tipton County Lawsuit"). In the Tipton County Lawsuit, Clark alleges that he was exposed to a quantity of Bidrin, which the complaint in the Tipton County Lawsuit specifically alleges is a "hazardous organo-phosphate pesticide." (Complaint, Tipton County Lawsuit ¶ 39 [a copy of the current version of the complaint is attached as Exhibit 1 to this complaint and is incorporated in this complaint by reference].) The complaint in the Tipton County Lawsuit also alleges that the exposure to Bidrin injured Clark.

11. Clark alleges the following factual scenario led to his exposure to Bidrin: Clark was traveling in a truck owned by Defendant Burlison Gin Company, Inc., hauling Bidrin and other farm chemicals to a field where Clark and his co-workers would apply the Bidrin and other chemicals; the driver of the truck lost control of the truck and it left the roadway; Clark was not injured by the truck leaving the road, but the truck leaving the roadway did cause Bidrin to be spilled alongside the roadway; Clark, following the instructions of his employer, began the process of cleaning the spilled Bidrin without any protective equipment or clothing; during the process of cleaning up the Bidrin, Clark was exposed directly to the Bidrin; and, the exposure to Bidrin injured Clark.

12. Prior to June 4, 2007, Auto-Owners had issued commercial general liability policy to Defendants Burlison Gin Company and Kelcot Warehouses, policy number 062319-03457487-06; the policy provided liability coverage for Defendants Burlison Gin Company and Kelcot Warehouses under certain circumstances. A true and correct copy of the commercial liability policy identified herein in force on June 4, 2007, is attached to this Complaint as Exhibit 2 and the terms and provisions of the policy are incorporated herein by reference.

13. Also prior to June 4, 2007, Auto-Owners had issued an automobile insurance policy, policy number 4245748700, to Defendants Burlison Gin Company and Kelcot Warehouses which provided coverage for automobile-related liability of Defendants Burlison Gin Company and Kelcot Warehouses under certain circumstances. A true and correct copy of the automobile insurance policy identified herein in force on June 4, 2007, is attached to this Complaint as Exhibit 3 and the terms and provisions of the policy are incorporated herein by reference.

14. Auto-Owners has determined that, under the terms of the insurance policies referenced in paragraphs twelve and thirteen above, no liability coverage exists for the damages and injuries alleged by Clark in the Tipton County Lawsuit. Further, Auto-Owners owes no duty to any party to provide coverage, defend the allegations made by Clark, or pay the liability of any insured party arising out of the spillage and clean-up of hazardous farm chemicals that occurred in Tipton County, Tennessee, on June 4, 2007.

APPLICABLE EXCLUSIONS OF THE COMMERCIAL GENERAL LIABILITY POLICY

15. The contract of general liability insurance referenced in paragraph twelve above provides in part:

> 2. Exclusions:
>
> This insurance does not apply to:
> ...
> e. Employer's Liability
>
> "Bodily injury" to:
> (1) An "employee" of the insured arising out of and in the course of employment by the insured; ...
> This exclusion applies:
> (1) Whether the insured may be liable as an employer or in any other capacity; and

        (2)      To any obligation to share damages with or repay someone else who must pay damages because of the injury.

    f.      Pollution

(1) "Bodily injury"... arising out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of "Pollutants":

    ...
    (c)      Which are or were at any time transported, handled, stored, treated, disposed of, or processed by or for:
        (I)      Any insured; or
        (ii)     Any person or organization for whom you may be legally responsible; ... or

    ...
    (e)      At or from any premises, site or location on which any insured or any contractors or subcontractors working directly or indirectly on any insured's behalf are performing operations if the operations are to test for, monitor, clean up, remove, contain, treat, detoxify, or neutralize, or in any way respond to, or assess the effects of, "pollutants.

16. The term "Pollutants" is a term defined in the commercial general liability policy as:

"... any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste. Waste includes materials to be recycled, reconditioned or reclaimed."

The chemicals to which Clark was exposed and which he claims to have caused the injuries and damages described in the Tipton County Lawsuit constitute pollutants within the meaning of the commercial general liability policy.

17. Other exclusions of the commercial general liability policy may be or become applicable upon a determination of the facts of the incident giving rise to the Tipton County Circuit Court action.

18. The language of the commercial general liability policy, representing the terms of the insurance contract between the Plaintiff and Defendants Burlison Gin Company, Inc., Kelcot

Warehouses, LLC, in effect on June 4, 2007, precludes the imposition of any duty to defend or indemnify, or liability upon Auto-Owners for any injuries claimed by Defendant Clifton Clark.

COVERAGE AND APPLICABLE EXCLUSIONS OF THE AUTOMOBILE POLICY

19. The contract of automobile insurance referenced in paragraph thirteen above provides in part:

> 1. Coverage
>
>     a. Liability Coverage - Bodily Injury and Property Damage
>
>     We will pay damages for bodily injury and property damage for which you become legally responsible because of or arising out of the ownership, maintenance or use of your automobile (that is not a trailer) as an automobile.
>
> ...
>
> 2. Exclusions
>
>     Liability Coverage does not apply:
>
>     ...
>
>     m. to any person or organization for bodily injury to:
>
>     (1) an employee of that person or organization;
>
>     ...;
>
>     when that injury arises out of and in the course of employment by that person or organization. This exclusion applies:
>
>     (1) whether a claim is made against such person or organization as employer or otherwise;

SECTION II - LIABILITY COVERAGE does not apply to:

1. Bodily injury or property damage resulting from the actual, alleged or threatened discharge, release, escape, seepage, migration, or dispersal of pollutants:

   a. that are, or are contained in any property that is:

   (1) being transported or towed by, handled or prepared for placement into or upon, or taken from the automobile;

   (2) otherwise in the course of transit by you or on your behalf; or

   (3) being disposed of, stored, treated or processed into or upon the automobile;

   b. before such pollutants or property containing pollutants are moved from the place they are accepted by you or anyone acting on your behalf for placement into or onto the automobile; or

   c. after such pollutants or property containing pollutants are removed from the automobile to where they are delivered, disposed of or abandoned by you or anyone acting in your behalf.

   1. a. above does not apply to pollutants that are needed or result from the normal mechanical, electrical or hydraulic functioning of the automobile or its parts, if the discharge, release, escape, seepage, migration or dispersal of such pollutants is directly from a part of the automobile designed to hold, store, receive or dispose of such pollutants by the automobile manufacturer.

   1. b. and 1. c. above do not apply, if as a direct result of the maintenance or use of the automobile, pollutants or property containing pollutants which are not in or upon the automobile, are upset, overturned or damaged at any premises not owned by or leased to you. The discharge, release, escape, seepage, migration or dispersal of the pollutants must be directly caused by such upset, overturn or damage.

2. Any loss, cost or expense arising out of any:

   a. request, demand or order that you or anyone else test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of pollutants; or

20. The term "Pollutants" is a term defined in the automobile policy as:

"... any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste. Waste includes materials to be recycled, reconditioned or reclaimed."

The chemicals to which Clark was exposed and which he claims to have caused the injuries and damages described in the Tipton County Lawsuit constitute pollutants within the meaning of the automobile policy.

21. The language of the automobile insurance policy, representing the terms of the insurance contract between the Plaintiff and Defendants Burlison Gin Company, Inc., and Kelcot Warehouses, LLC, in effect on June 4, 2007, precludes the imposition of any duty to defend or indemnify, or liability upon Auto-Owners for any injuries claimed by Clark.

### CAUSE OF ACTION

22. This action stems from a disagreement among the parties as to the interpretation, construction, applicability, and effect of the contracts of insurance issued by Auto-Owners and referenced in paragraphs twelve and thirteen above.

23. The Plaintiff and Defendants Burlison Gin Company, Inc., and Kelcot Warehouses, LLC, are entitled to a declaration from this Court of their several rights and responsibilities under the contracts of insurance issued by the Plaintiff to them as identified in this Complaint. Defendants Bobby Richardson and John Pugh are alleged in the Tipton County Lawsuit to be employees or agents of one or both of Burlison Gin Company, Inc., and Kelcot Warehouses, LLC. Defendant Defendant Clifton Clark has an interest in this matter as a claimant under one or both policies relative to the incident described herein in which he claims to have suffered injuries.

24.     Although Auto-Owners owes no duty to any party to provide coverage, defend the allegations made by Clark, or pay the liability of any insured party arising out of the spillage and clean-up of hazardous farm chemicals that occurred in Tipton County, Tennessee, on June 4, 2007, Auto-Owners has thus far provided a defense of its insureds at the request of the insureds under a reservation of its rights under the insurance policies referred to herein.  Auto-Owners has reserved its rights to claim reimbursement of further attorneys fees in the event the insureds disagreed with Auto-Owners' determination of no coverage for the allegations of the Tipton County Lawsuit and that determination is confirmed by a final judgment in this Court.  Auto-Owners is entitled to a judgment against Defendants  Burlison Gin Company, Inc., and Kelcot Warehouses, LLC, in reimbursement of the costs and expenses Auto-Owners has and will incur in the defense of the Tipton County Lawsuit following Auto-Owners declination of coverage.

WHEREFORE, PLAINTIFF PRAYS FOR RELIEF AS FOLLOWS:

A.      For a decree of this Court declaring, affixing, and establishing the legal rights, relations, and obligations of the parties under the policies of insurance issued by Auto-Owners to Burlison Gin Company, Inc., and Kelcot Warehouses, LLC;

B.      That the Court issue such further and other orders giving effect to and enforcing the rights and obligations of the parties hereto in this matter, consistent with its judgment in this cause;

C.      For a judgment against Defendants Burlison Gin Company, Inc., and Kelcot Warehouses, LLC, for the costs and expenses Auto-Owners has and will incur in the defense of the Tipton County Lawsuit following the notification by Auto-Owners of no coverage, in an amount to be determined.

D.  For such other, further and general relief to which Auto-Owners Insurance Company may be entitled under the facts and law.

        WILKERSON GAULDIN HAYES & JENKINS


    By: /s/ Mark L. Hayes
       Mark L. Hayes 9988
       William Lewis Jenkins, Jr. 17423
       Attorneys for Auto-Owners Insurance Co.
       112 West Court St.,
       P.O. Box 220
       Dyersburg, Tennessee 38025-0220
       Tel. No. 731.286.2401
       Facsimile No. 731.286.2294